**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joyce Juniel,<br><br>    Plaintiff,<br><br>v.<br><br>Labcorp, Anasazi Internal Medicine,<br><br>    Defendants. | No. CV12-1539 PHX DGC<br>     CV12-1540 PHX DGC<br>     CV12-1541 PHX DGC<br>     (Consolidated)<br><br>**ORDER** |

Plaintiff Joyce Juniel has filed complaints against Defendants Labcorp and Anasazi Internal Medicine. The complaints have been consolidated in this action, and the Court granted in forma pauperis ("IFP") status to Plaintiff. Docs. 6, 9. The Court has an obligation to screen Plaintiff's complaints pursuant to 28 U.S.C. § 1915(e)(2). Because Plaintiff's complaints fail to state a jurisdictional basis for this action, the Court will dismiss them *sua sponte* and grant leave to amend. Plaintiff's other pending motions will also be denied.

**I.    Screening of Plaintiff's Complaints.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id.* at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to

state a claim." *Id.* at 1127. A district court dismissing under § 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127-29 (citations omitted).

Plaintiff's complaints do not adequately allege subject matter jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if it arises under federal law or the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a). The complaints do not explain why this Court has subject matter jurisdiction. The Court will dismiss the complaints without prejudice. Plaintiff shall have until **January 4, 2013**, to file a single amended complaint.

Plaintiff is advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The short and plain statement of the claim required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is

entitled to relief.") (citing Fed. R. Civ. P. 8(a)(2)). Plaintiff's amended complaint should include a statement of the legal rights Plaintiff believes to have been violated, how each right was violated, how each Defendant contributed to the violation, and what injury was caused by each alleged violation. *See Jimenez v. State of Arizona*, No. CV-08-0892 (D. Ariz. May 22, 2008) (order dismissing with leave to amend). Such factual allegations must provide enough information to "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1149.

## II. Motion for Appointment of Counsel.

Plaintiff asks the Court to appoint counsel. Doc. 11. There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331(quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel" under section 1915(e)(1). *Wilborn*, 789 F.2d at 1331.

Having considered both factors, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits or that any difficulty she is experiencing in attempting to litigate her case is due to the complexity of the issues involved. Accordingly, this case does not present "exceptional circumstances" requiring the appointment of counsel.

However, Plaintiff may contact the following organization to determine whether it has an attorney available to represent Plaintiff *pro bono* or at a reduced rate:

Volunteer Lawyers Program
305 South Second Avenue
P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434

**III.    Motions for Emergency Orders.**

Plaintiff has filed two motions asking the Court to enter emergency orders preventing Defendants from terminating her as a patient. Docs. 10, 12. The motions will be denied for several reasons. First, as noted above, Plaintiff has not shown that this Court has jurisdiction over her claim. Second, Plaintiff has not served Defendants as required by Rule 4(m) of the Federal Rules of Civil Procedure. Third, Plaintiff has not satisfied the requirements of Rule 65 of the Federal Rules of Civil Procedure for obtaining emergency injunctive relief.

**IV.    Warning.**

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1.    Plaintiff's motion for appointment of counsel (Doc. 11) is **denied**.

2.    Plaintiff's emergency motions preventing Defendants from terminating her as a patient (Docs. 10, 12) are denied.

3.    Plaintiff's complaint(s) are denied without prejudice. Plaintiff may file a single amended complaint on or before **January 4, 2013.**

DATED this 14th day of December, 2012.

_____
David G. Campbell
United States District Judge