**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joyce Juniel,<br><br>                    Plaintiff,<br><br>v.<br><br>Laboratory Corporation of America,<br>Anasazi Internal Medicine,<br><br>                    Defendants. | No. CV-12-01539-PHX-DGC<br><br>**ORDER** |

Defendant Laboratory Corporation of America ("Labcorp") filed a motion to dismiss pro se Plaintiff Joyce Juniel's amended complaint (Doc. 21), and Defendant Anasazi Internal Medicine ("Anasazi") filed by special appearance a joinder with Labcorp's motion and a separate motion to dismiss. Doc. 24. These motions have been fully briefed. Docs. 30, 32, 33.[1] Also before the Court are Plaintiff's motion for written responses instead of oral argument or delay of oral argument (Doc. 25), motion to remove or sever Anasazi (Doc. 26), and motion to delay any immediate dismissal. Doc. 34. For the reasons discussed below, the Court will grant Defendants' motions to dismiss, grant Plaintiff's motion to remove Anasazi, deny Plaintiff's remaining motions, and dismiss the complaint with leave to amend.

---

[1] Defendants' requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.     Background.**

Plaintiff filed three separate personal injury complaints against Defendants, a motion to proceed in forma pauperis ("IFP"), and a motion to consolidate the complaints. Docs. 1, 2, 3. The Court granted Plaintiff IFP status, consolidated the separate actions, dismissed the complaints without prejudice, and ordered Plaintiff to file a single, consolidated complaint. Docs. 6, 9, 13. Plaintiff filed her consolidated complaint against both Defendants on January 7, 2013. Doc. 18. Labcorp filed and Anasazi joined a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, and Anasazi separately moved to dismiss for insufficient service.

**II.    Legal Standards.**

**A.    Subject Matter Jurisdiction.**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action or the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a).

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see Fenton v. Freedman*, 748 F.2d 1358, 1359, n.1 (9th Cir. 1984). Courts must presume a lack of jurisdiction until the plaintiff proves otherwise. *Kokkonen*, 511 U.S. at 377.

**B.    Failure to State a Claim.**

Dismissal is appropriate under Rule 12(b)(6) where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, the complaint must

plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

**III.     Discussion.**

    **A.     Lack of Subject Matter Jurisdiction.**

Defendants argue that the Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because the complaint alleges no cause of action arising under federal law for purposes of federal question jurisdiction under 28 U.S.C. § 1331, and the parties are not citizens of separate states for purposes of diversity jurisdiction under § 1332(a). Doc. 21 at 3.

In its prior order, the Court advised Plaintiff of her failure to explain why the Court has subject matter jurisdiction. Doc. 13 at 2. Plaintiff's amended complaint contains a section titled "Complaint Jurisdiction" (Doc. 18 at 1), but this section does not state that the Court has jurisdiction based on claims arising under federal law, and the statements regarding the citizenship of the parties do not show complete diversity. *Id.* The complaint identifies Defendant Anasazi as "a medical practice operating in Phoenix, Arizona" and Plaintiff as "a permanent resident of Phoenix, Arizona." *Id.* Defendants assert that Anasazi is both incorporated in and has its principal place of business in Arizona, destroying complete diversity. Doc. 21 at 3; *See* 28 U.S.C. § 1332(a); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Plaintiff has since sought to remedy the lack of complete diversity by making requests in three separately filed documents that the Court remove or sever Anasazi from the complaint, leaving Labcorp, alleged to be "a nationwide company . . . headquartered in North Carolina" (Doc. 18 at 1), as the only remaining Defendant. *See* Docs. 26, 30, 31. Plaintiff states in her response that a stipulation is pending between herself and Anasazi to dismiss Anasazi only and, if granted, "jurisdiction will be satisfied between

1  the remaining parties." Doc. 30 at 8, ¶ 12. Anasazi requests dismissal with prejudice on
2  the basis of Plaintiff's multiple requests. Doc. 32 at 2.

3  Rule 41(a)(2) allows for dismissal by court order upon a plaintiff's request "on
4  terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).[2] Labcorp argues that,
5  notwithstanding her earlier responses, Plaintiff continues to make claims against both
6  Defendants, including in her "Motion to Delay Any Immediate Dismissal" ("Motion to
7  Delay") (Doc. 34), thus precluding subject-matter jurisdiction. Doc. 33 at 2-3. The
8  Court does not agree that Plaintiff's continued reference to both Defendants negates her
9  clear requests that Anasazi be dismissed to preserve the Court's jurisdiction, particularly
10 where, as Anasazi notes, Plaintiff's Motion to Delay reaffirms that she "erred in
11 continued inclusion of Anasazi in my complaint." Doc. 34, ¶ 2.

12 Labcorp argues that dismissal or lack of joinder of Anasazi is impermissible under
13 Rule 19(a)(1)(A) because it would deprive the Court of its ability to "accord complete
14 relief among existing parties." Doc. 33 at 3; *see* Fed. R. Civ. P. 19(a)(1)(A). But
15 Labcorp fails to put forth any arguments showing that Anasazi is a necessary party or that
16 elimination of Anasazi would require dismissal under the relevant factors set forth in
17 Rule 19(b). *See* Fed. R. Civ. P. 19(b) (listing factors for dismissal where joinder is not
18 feasible). Because inclusion of a non-diverse party precludes subject matter jurisdiction,
19 and Plaintiff has repeatedly sought dismissal of Anasazi, the Court will exercise its
20 discretion under Rule 41(a)(2) and dismiss Anasazi without prejudice, allowing the
21 current action to proceed against Labcorp and preserving Plaintiff's option to pursue any
22 separate claims against Anasazi in an appropriate forum.[3]

23 / / /

---

[2] Unlike Rule 41(a)(1), which allows for voluntary dismissal by the plaintiff without a court order, but requires the stipulation of all parties, Rule 41(a)(2) allows dismissal by court order and requires only that the plaintiff request it and that any defendants who object on the basis of counterclaims be able to assert those claims for independent adjudication. *Compare* Fed. R. Civ. P. 41(a)(1) *with* Rule 41(a)(2).

[3] Because the Court has dismissed Anasazi for lack of subject-matter jurisdiction, the Court need not discuss Anasazi's additional argument that dismissal is warranted for improper service.

**B.     Failure to State a Claim.**

Defendants argue that the Court should dismiss Plaintiff's complaint for failure to state a claim for the following reasons: (1) the complaint does not comply with the pleading standards of Rules 8(a)(2) and 10(b) with respect to any of its claims; (2) to the extent the complaint attempts to assert claims of fraud, Plaintiff fails to comply with the requirement of Rule 9(b) that she plead with particularity the circumstances constituting fraud or mistake; (3) Plaintiff's claims are barred, in part, by the statute of limitations; (4) there is no private cause of action under HIPAA for Plaintiff's unauthorized release of information claim; and (5) Plaintiff fails to allege facts showing an "evil mind" for purposes of punitive damages. Doc. 21 at 4-9. Defendants also argue that the complaint should be dismissed with prejudice pursuant to Rule 41(b) because Plaintiff failed to comply with prior Court orders. *Id.* at 8.

### 1.     Violation of Rules 8(a)(2) and 10(b).

Defendants argue that Plaintiff's amended complaint fails to satisfy basic pleading requirements because it consists solely of lengthy, disjointed paragraphs that do not clearly set forth Plaintiff's separate causes of action or specify who Plaintiff is suing and for what wrongs. Doc. 21 at 1, 4-5. The Court agrees. Although the caption of the complaint lists "Personal Injuries, Malpractice, Negligence, Misrepresentation to gain insurance consents[, and] Unauthorized release of Federally Protected Health Information" (Doc. 18 at 1), the body of the complaint does not identify or set forth a "short and plain statement" of any of these purported claims as required under Rule 8(a)(2). *See* Fed. R. Civ. P. 8(a)(2); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint . . . yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). The complaint also does not state its claims in separately numbered paragraphs, each limited to a single set of circumstances, or provide needed clarity by setting forth separate counts for each claim based on a separate transaction or occurrence as provided under Rule 10(b). *Id.* at 10(b).

1    Despite these deficiencies, the amended complaint does provide Defendants with
2 fair notice of the factual bases for Plaintiff's personal-injury related claims. While
3 lacking clarity as to which Defendant is responsible under which legal theory, the
4 complaint describes in detail the circumstances in which the Labcorp employee who
5 performed Plaintiff's blood draws allegedly pushed the needle completely through her
6 veins on two separate occasions, causing extreme pain and swelling and resulting in
7 ongoing, debilitating injuries. Based on these specific factual allegations, it does not
8 appear that Plaintiff's pleading deficiencies pose an absolute bar to recovery or that
9 granting leave to amend as to these claims would be futile. The Court will therefore
10 dismiss these claims with leave to amend.

**2.    Failure to Plead Fraud with Particularity.**

12    Defendants argue that Plaintiff's fraud-based claims fail to meet the heightened
13 pleading standards of Rule 9(b). Doc. 21 at 6. Rule 9(b) requires a party alleging fraud
14 to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ.
15 P. 9(b). The complaint "must state the time, place, and specific content of the false
16 representations as well as the identities of the parties to the misrepresentation." *Schreiber*
17 *Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986) (citations
18 omitted). A complaint of fraud must specify "the who, what, when, where, and how" of
19 the alleged misconduct. *Vess v. Ciba–Geigy Corp.,* 317 F.3d 1097, 1106 (9th Cir.2003).

20    Plaintiff appears to make two fraud-based claims. In addition to listing
21 "Misrepresentation to gain insurance consents" in the caption of the complaint, she
22 alleges that Labcorp produced false drug screening test results. Doc. 18 at 1, 2. The
23 insurance-related claim appears to apply only to Anasazi, which is being dismissed at
24 Plaintiff's request. Plaintiff's allegations of falsified drug testing are very vague. The
25 amended complaint says only that Dr. Young talked publicly of Plaintiff taking non-
26 prescription controlled substances based on false drug test results and refused to amend
27 her record. *Id.* This claim is not supported by allegations of who made the false
28 representations or fabricated the test results, when they did this, under what

1 circumstances, and to whom. To the extent that Plaintiff relies on such bare allegations
2 to support claims of fraud, these allegations are insufficient to state a claim. The Court
3 will dismiss Plaintiff's fraud-based claims without prejudice.

### 3. Statute of Limitations for Personal Injury Claims.

Defendants argue that Arizona has a two-year statute of limitations for personal injury claims, and that the Court should dismiss these claims because Plaintiff alleged that her arm was first injured on July 16, 2010, and she did not file her complaint until July 17, 2012, more than two years later. Doc. 21 at 6. Plaintiff plausibly argues in her response that she knew that Labcorp's agent had incorrectly inserted a needle in her left arm on July 16, 2010, but the earliest she knew or understood that she had been injured was in the early hours of July 17, 2010 when she awoke with severe pain in her arm. Doc. 30 at 2. Under Arizona's discovery rule, a claim does not accrue until "the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Inc. Co.,* 898 P.2d at 964, 966 (Ariz. 1995). For Plaintiff to rely on the discovery rule, however, she must allege facts showing the discovery of her injury on the face of the complaint and not rely on arguments made in responsive pleadings. For this reason, and the reasons already noted, the Court will dismiss Plaintiff's claims stemming from her alleged July 16, 2010 injury with leave to amend.

### 4. HIPAA Does not Provide a Private Cause of Action.

The complaint lists as one of its claims "Unauthorized release of Federally Protected Health Information." Doc. 18 at 1. As with Plaintiff's insurance-related fraud claim, this claim appears to apply only to Anasazi, which is being dismissed. Moreover, Defendants correctly argue that the Health Insurance Portability and Accountability Act ("HIPAA") does not provide a private cause of action. Doc. 21 at 7; *see Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). The Court will dismiss this claim with prejudice.[4]

---

[4] The Court bases this ruling on the presumption that Plaintiff has brought her

### 5. Punitive Damages.

Plaintiff seeks punitive damages due to a number of injuries allegedly resulting from her improper blood draws and false drug-test report. Doc. 18 at 6. Defendants correctly state that a claim for punitive damages requires the allegation that the defendants acted with "an evil mind." Doc. 21 at 7-8. *See Volz*, 748 P.2d 1191, 1194 (Ariz. 1987) (explaining that for punitive damages, Arizona law requires a showing of an "evil mind," which is satisfied by evidence that the defendant was "motivated by spite, actual malice, or intent to defraud."). Plaintiff has not alleged or provided evidence that Defendants' actions met this standard in the body of the complaint. Plaintiff argues in her response that she showed an "evil mindset" through allegations of "insurance/fraud, greed, financial gain/continued employment and intimidation to silence my complaints." Doc. 30 at 6, ¶ 11. But Plaintiff does not point to specific allegations of evil or malicious intent in the complaint, and her failure to break the complaint into concise, separately numbered paragraphs places an unfair burden on Defendants and the Court to try to determine which allegations support her demand for punitive damages. *See McHenry*, 84 F.3d at 1179 ("Prolix, confusing complaints . . . impose unfair burdens on litigants and judges."). Plaintiff makes numerous additional allegations purportedly showing an "'evil' act or mindset" in her response, but the complaint must stand on its own and not rely on additional factual allegations asserted in responsive pleadings. The Court will dismiss the demand for punitive damages without prejudice.

### 6. Plaintiff's Failure to Follow Court Orders.

Defendants argue that the Court should dismiss Plaintiff's amended complaint with prejudice because Plaintiff failed to comply with the Court's prior order instructing her to follow the Federal Rules of Civil Procedure and warning her that her complaint could be dismissed with prejudice for failure to comply. Doc. 21 at 8; *see* Doc. 13 at 2, 4.

---

unauthorized release of federally protected health information claim pursuant to HIPAA. Plaintiff is not foreclosed from making alternative legal claims based on the same alleged injury. *See Webb*, 499 F.3d at 1082 (finding that "HIPAA, itself, does not provide a private right of action" and analyzing whether the plaintiff had stated a claim under California state law.).

1    Rule 41(b) gives the Court discretion to dismiss a complaint with prejudice for
2  failure to comply with the Federal Rules or a prior Court order. *See* Fed. R. Civ. P.
3  41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.1992) (holding that the district
4  court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to
5  comply with a court order). Where it appears, however, that the deficiencies of the
6  complaint can be cured with some instruction, the Court must exercise restraint in
7  dismissing a pro se complaint without leave to amend. *See Flowers v. First Hawaiian*
8  *Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district
9  court's decision to deny pro se litigants leave to amend.") (citing *Lucas v. Dep't of*
10 *Corrections*, 66 F.3d at 248-49); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996)
11 ("As a general matter, this court has long sought to ensure that pro se litigants do not
12 unwittingly fall victim to procedural requirements that they may, with some assistance
13 from the court, be able to satisfy."). The Court's prior order addressed Plaintiff's failure
14 to state grounds for the Court's jurisdiction – a deficiency Plaintiff attempted to cure in
15 her amended complaint – and it instructed her on the pleading requirements of Rule 8.
16 Doc. 13 at 2-3. But Plaintiff had not yet consolidated the complaints in her three
17 separately-filed actions, and, prior to this order, the Court had not discussed the
18 deficiencies of any particular claims. According to the Ninth Circuit, the Court is
19 required to give guidance to a pro se plaintiff regarding the deficiencies of dismissed
20 claims. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988) ("We do
21 not . . . require the district court to act as legal advisor to the plaintiff. . . . However, the
22 court must do more than simply advise the pro se plaintiff that his complaint needs to
23 [comply with Rule 8]. . . . The district court is required to draft 'a few sentences
24 explaining the deficiencies.'") (citations omitted). Having set forth the reasons for
25 dismissal of each of Plaintiff's claims above, the Court will dismiss the complaint
26 without prejudice.[5]

27
28    [5] Defendants also note that Plaintiff failed to file her amended complaint by January 4, 2013, despite twice being ordered by the Court to do so. Doc. 21 at 8; *see*

### IV. Warning.

To avoid permanent dismissal, Plaintiff must file an amended complaint by June 14, 2013. Plaintiff is reminded that not having a lawyer is not grounds for ignoring the applicable rules in the Rules of Civil Procedure and discussed in this order. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Plaintiff is instructed that her amended complaint must, consistent with her requests to dismiss Anasazi, eliminate any claims against Anasazi and clearly identify each cause of action against Labcorp along with the legal grounds and relevant facts supporting each claim. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (the complaint must give the defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based."). If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court continues to have discretion to dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS ORDERED:**

1. Defendants' motions to dismiss (Docs. 21, 24) are **granted**. The HIPPA claim is dismissed with prejudice, and the other claims are dismissed without prejudice as discussed above.

2. Plaintiff's motion for written responses instead of oral argument or delay of oral argument (Doc. 25) is **denied as moot**.

3. Plaintiff's motion to remove or sever Anasazi (Doc. 26) is **granted**.

4. Plaintiff's motion to delay any immediate dismissal (Doc. 34) is **denied**.

5. Plaintiff's complaint against Defendant Anasazi is **dismissed with prejudice**.

6. Plaintiff may file an amended complaint as to Defendant Labcorp on or

---

Docs. 13 at 6; 17 at 1. This does not change the Court's determination. In its January 18, 2013, order filed under seal, the Court responded to Plaintiff's motion under seal (Doc. 19), and deemed the amended complaint timely filed. Doc. 23

before **June 14, 2013**.

Dated this 17th day of May, 2013.

_____
David G. Campbell
United States District Judge