**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joyce Juniel,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Anasazi International Medicine, et al.,<br><br>　　　　　　Defendants. | No. CV12-1539 PHX DGC<br><br>**ORDER** |

Since the Court's case management conference on August 28, 2013, Pro Se Plaintiff Joyce Juniel has filed several motions. This Order will address the motions.

**1.　　Request to correct case management conference orders (Doc. 51).**

In this motion, Plaintiff complains that the joint case management report was filed without some of the sections she requested. She also notes that she filed a complaint regarding this fact before the case management conference. During the case management conference, however, the Court engaged in an extended discussion with Plaintiff and defense counsel regarding the needs of this case and related issues. The Court was fully informed on these issues when it entered the Case Management Order (Doc. 50), and Plaintiff Juniel was afforded a full opportunity to address these issues during the case conference. As a result, the Court sees no need to modify the Case Management Order on the basis of alleged filing deficiencies that occurred before the conference.

Plaintiff Juniel suggests in her motion that she is not required to file a preliminary expert report as was discussed at the hearing. Plaintiff states that the legal materials to

which she has access, including the Arizona Revised Statutes and Federal Rules of Civil Procedure, are different from those available to defense counsel and the Court. The Court does not know what sources Plaintiff is using to obtain access to these materials, but she is responsible, as the plaintiff in this case, to obtain current versions of relevant statutes and rules and to comply fully with them. The Court has previously warned Plaintiff that she must comply with applicable rules and Court orders. *See* Doc. 13. Plaintiff has also been advised by the Court that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona. Doc. 27. Plaintiff has been advised that pro se litigants must follow the same rules of procedure that govern other litigants, and should not be treated more favorably than parties with attorneys of record. *Id*. (citing *King v. Atiyeah*, 814 F.2d 565, 567 (9th Cir. 1986); *Jacobson v. Filler*, 709 F.2d 1362, 1364 (9th Cir. 1986); *Carter v. Comm'r of Internal Revenue*, 748 F.2d 1006, 1008 (9th Cir. 1986)). The Court has even identified for Plaintiff a website where she can access the Federal Rules of Civil Procedure, and has told her how to obtain a copy of the Court's Local Rules. Doc. 27. At the case management conference, the Court discussed with Plaintiff how she can obtain access to the Arizona Revised Statutes, and even provided her with a copy of the relevant statute concerning preliminary expert opinions. In light of these steps, the Court cannot accept Plaintiff's assertion that she is disadvantaged because she does not have access to the same rules and statutes as the Court and defense counsel.

Plaintiff appears to argue that the preliminary expert witness requirement in A.R.S. § 12-2603 has not been carefully considered by the State of Arizona and will not be cost-effective. These are not grounds for disregarding applicable statutes and rules.

Plaintiff's motion asks for clarification on the meaning of certain statutes. The Court cannot provide legal advice. The Court notes that the requirement for a preliminary expert report is found in A.R.S. § 12-2603. Plaintiff should read the entire section to determine whether or not she believes a preliminary expert report is required in

this case.  The Court notes that the word "claim" within this statute means legal causes of action against a healthcare professional under §§ 12-561 through § 12-563.  A.R.S. § 2603(H)(1).  Section 12-561, in turn, includes a medical malpractice action, which itself includes a claim against a licensed healthcare provider based upon such provider's alleged negligence, misconduct, errors or omissions.  A.R.S. § 12-561(2).  Because Plaintiff has some uncertainty about these requirements, the Court will extend the deadline for her to provide a preliminary expert opinion from October 18, 2013 to October 31, 2013.  All other terms of the Case Management Order remain in effect.

**2.    Request to correct case management conference orders (Doc. 52).**

In this motion, Plaintiff appears to request that her private residence and materials be deemed "Work Privilege."  Doc. 52 at 2.  To the extent Plaintiff is seeking to assert the attorney-client privilege or work product doctrine, they do not apply to a residence.  Rather, they apply to communications between a client and an attorney, or to an attorney's work product in connection with litigation.

Plaintiff's motion mentions Federal Rule of Evidence 502(d).  If Plaintiff seeks to obtain an order under that rule, she should discuss the matter with defense counsel.  If the parties are unable to reach an agreement on a proposed stipulated order, she may place a conference call to the Court pursuant to paragraph 6 of the Court's Case Management Order.  Doc. 50.

Plaintiff also suggests that she wants to obtain disclosure of certain information from Defendant.  Plaintiff may obtain disclosure of relevant materials by using the discovery tools set forth in the Federal Rules of Civil Procedure.

**3.    Request to correct case management conference orders (Doc. 53).**

In this motion, Plaintiff suggests, as she does in the previous two motions, that she was experiencing medical issues at the Case Management Conference and was unable to read necessary documents during the conference.  The Court does not recall Plaintiff expressing any concern during the conference regarding her ability to participate, and

observed Plaintiff participating fully and coherently in the conference. The Court concludes that the conference was a fair discussion of the issues relevant to entry of the Case Management Order.

Plaintiff suggests that she would like to limit depositions to four hours. Rule 30(d)(1) of the Federal Rules of Civil Procedure permits depositions of seven hours. If the parties agree to shorten this period, they may do so. If the parties do not agree, the seven-hour limit shall apply.

### 4. Plaintiff's motion appealing court order (Doc. 56).

The Court construes this motion as a request to reconsider the Court's dismissal of Plaintiff's defamation claim. Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Plaintiff has not made the showing needed for reconsideration. The Court dismissed Plaintiff's defamation claim because she failed to plead facts showing publication of any defamatory statement. In her motion, Plaintiff cites to a number of places in the amended complaint (Doc. 41) where she claims to have alleged publication. The Court has reviewed these sections. Although some make conclusory allegations regarding defamation or publication, none alleges actual publication by Defendants.

Plaintiff's motion contains additional facts regarding alleged publication by Defendants. But these facts are not contained in the amended complaint. Doc. 41. As

the Court explained at the case management conference, Plaintiff has had numerous opportunities to plead her claims in this case. Indeed, the current amended complaint is the sixth complaint Plaintiff has filed. *See* Docs. 1, 7, 8, 14, 18, 41. As the Court stated in the minute entry concerning the case management conference, Plaintiff "has had several opportunities to amend and guidance from the Court on the deficiencies in her complaint, and the Court concludes that the time has come for this case to move forward." Doc. 49. The Court will not reconsider its decision dismissing the defamation claim.

### 5. Plaintiff's motion appealing court order (Doc. 57).

The Court construes this motion as a request to reconsider the Court's dismissal of Plaintiff's claims for intentional and negligent infliction of emotional distress. The motion will be denied. To establish a claim for intentional infliction of emotional distress under Arizona law, Plaintiff must allege facts showing that Defendant's conduct was extreme and outrageous. *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 746 (9th Cir. 2004). The extreme and outrageous element is met when a defendant's conduct is "so outrageous in character and so extreme in degree as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. App. 1995) (citations omitted). Plaintiff alleged no facts in her amended complaint (Doc. 41) that reach this level of extreme and outrageous conduct.

To establish a claim of negligent infliction of emotional distress under Arizona law, a Plaintiff must show that she (1) witnessed an injury to a closely related person, (2) suffered mental anguish manifested as a physical injury, and (3) was within the zone of danger so as to be subject to an unreasonable risk of bodily harm created by the Defendants. *Pierce v. Casas Adobes Baptist Church*, 782 P.2d 1162, 1165 (Ariz. 1989). Plaintiff's amended complaint did not allege that she witnessed an injury to a closely related person.

**6.     Plaintiff's motion appealing court order (Doc. 58).**

The Court construes this motion as a request to reconsider the Court's dismissal of Plaintiff's punitive damages claim. To recover punitive damages under Arizona law, a plaintiff must establish facts showing that the defendant acted with an evil mind. Even gross negligence is not sufficient. *Rawlings v. Apodaca*, 726 P.2d 565, 577 (Ariz. 1986); *Gurule v. Illinois Mut. Life & Casualty Co.*, 734 P.2d 85, 86-87 (1987). Plaintiff did not allege facts in her amended complaint (Doc. 41) sufficient to show that Defendant acted with an evil mind.

**IT IS ORDERED:**

1.     Plaintiff's request to correct case management conference orders (Doc. 51) is **denied in part and granted in part** as set forth above.

2.     Plaintiff's other motions (Doc. 52, 53, 56, 57, and 58) are **denied**.

3.     Plaintiff shall file no further motions for reconsideration concerning the Court's ruling on the motion to dismiss.

4.     With the exception of the adjustment to the deadline for submitting a preliminary expert report, as set forth above, all terms and deadlines of the Case Management Order (Doc. 50) remain in effect.

Dated this 12th day of September, 2013.

_____
David G. Campbell
United States District Judge